```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
ALAN C. LOLLIS,                               :     CASE NO. 15-CV-703
                                              :
           Petitioner,                        :
                                              :
vs.                                           :     OPINION AND ORDER
                                              :     [Resolving Doc. 1]
WARDEN, OHIO STATE                            :
PENITENTIARY,                                 :
                                              :
           Respondent.                        :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 9, 2015, Petitioner Alan C. Lollis sought habeas relief under 28 U.S.C. § 2254.[1] On June 11, 2015, Respondent Warden, Ohio State Penitentiary filed a return of writ.[2] On August 26, 2015, Petitioner Lollis filed a traverse to the return of writ.[3] Respondent filed a response to Petitioner's traverse.[4]

Magistrate Judge McHargh issued his Report and Recommendation, recommending that this Court deny Lollis's petition with prejudice.[5] In particular, Judge McHargh found that Lollis's first and second grounds for relief were procedurally barred and otherwise meritless.[6] Petitioner Lollis objected.[7]

For the following reasons, this Court **DENIES** Petitioner Lollis's objections, and **ADOPTS** Magistrate Judge McHargh's Report and Recommendation in full. The Court **DISMISSES** Petitioner Lollis's § 2254 habeas petition.

---

[1] Doc. 1.
[2] Doc. 5.
[3] Doc. 7.
[4] Doc. 8.
[5] Doc. 10.
[6] *Id.*
[7] Doc. 13.

Case No. 15-cv-703
Gwin, J.

## I. Background

Petitioner seeks relief from his Ohio aggravated murder, murder, and aggravated robbery convictions. As relevant to address Petitioner's objections, Petitioner was indicted for his alleged involvement in the July 19, 2011 murder of Salim Suleiman. The prosecution presented witness testimony, text messages, and phone calls that indicated that Petitioner was complicit in the murder.

In the final jury instructions, the Ohio trial court instructed the jury on the idea of complicity, saying,

> a person who knowingly aids, abets, solicits, procures, conspires, supports, assists, encourages, cooperates with, advises, incites or associates himself with another for the purpose of committing or in the commission of a crime is regarded as if he were the principal offender and is to be viewed as guilty as if he personally performed every act constituting the offense.[8]

Even though the Petitioner was not indicted on a conspiracy charge, the jury instructions then described conspiracy, saying,

> If you find from the evidence beyond a reasonable doubt that the Defendants conspired to rob the alleged victim, and that the Defendants purposely engaged in conduct to carry out the conspiracy, and that the means used to carry out that conspiracy would be reasonably likely to produce death, and that one Defendant purposely caused the death of the alleged victim, and that the death was the natural and probable consequence of the agreed criminal conduct, then both Defendants may be found guilty of aggravated murder, even though they did not agree to such killing prior to engaging in the criminal conduct.[9]

---

[8] Doc. 5-1, Ex. 7.
[9] *Id.*

Case No. 15-cv-703
Gwin, J.

Petitioner did not object to the jury instruction at the time. On June 14, 2012, a jury found him guilty of the charges: aggravated murder, murder, and aggravated robbery.[10] Neither the verdict forms, nor the other instructions, mentioned conspiracy.

On July 19, 2012, the trial court sentenced Petitioner to an aggregate sentence of 33 years to life in prison.[11]

On August 29, 2012, Lollis appealed his convictions to the Ohio Ninth District Court of Appeals, saying that they were not supported by sufficient evidence and that the conspiracy jury instructions were improper under Ohio law.[12] On February 26, 2014, the Ninth District Court of Appeals denied Lollis' appeal.[13] Lollis had forty-five days to appeal the Ninth District Court of Appeals' decision. Lollis did not timely appeal the appellate court's decision.

On December 17, 2014, Lollis filed a *pro se* notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court.[14] In his motion for leave to file a delayed appeal, Lollis explained that his appeal was untimely because his appellate counsel never advised him that the appeal had been decided and he had limited access to legal services in prison.[15]

On January 28, 2015, the Ohio Supreme Court summarily denied Lollis' motion.[16]

On April 9, 2015, Lollis filed this writ of habeas, raising two grounds for relief.

---

[10] Doc. 5-1, Ex. 8.
[11] Doc. 5-1, Ex. 11.
[12] Doc. 5-1, Ex. 12 ("Appellant's convictions for aggravated murder, murder, and aggravated robbery with gun specifications thereto were based upon insufficient evidence as a matter of law.").
[13] Doc. 5-1, Ex. 15 at 113-21.
[14] Doc. 5-1, Exs. 16-17.
[15] Doc. 5-1, Ex. 17 at 134.
[16] Doc. 5-1, Ex. 18.

-3-

Case No. 15-cv-703
Gwin, J.

First, Lollis argued that "the convictions on all charges obtained without sufficient competent and credible evidence to prove each element of each charge violates petitioner's right to due process of law."[17]

Second, Lollis argued that, "erroneous jury instructions on uncharged crimes served to alter the burden of proof, violating petitioner's right to due process of law and a fair trial by an impartial jury."[18]

In his Report and Recommendation, Judge McHargh found that Lollis's first and second grounds for relief were procedurally barred and meritless.[19]  Lollis objected to the Report and Recommendation.[20]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review of only those portions of the R&R to which the parties have properly objected.[21] A district court may adopt without review parts of the R&R to which no party has objected.[22]  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) controls the review of state court proceedings under Section 2254.[23]

*a. Procedural Bars*

As a general rule, a habeas petitioner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for habeas corpus.[24]  In

---

[17] Doc. 1 at 4.
[18] *Id.* at 6.
[19] *Id.*
[20] Doc. 13.
[21] 28 U.S.C. § 636(b)(1).
[22] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[23] 28 U.S.C. § 2241 *et seq.*
[24] 28 U.S.C. § 2254(b)-(c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Case No. 15-cv-703
Gwin, J.

order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest state court a full and fair opportunity to rule on his claims.[25]

If the highest state court has had the opportunity to hear the claims on the merits, the petitioner is said to have exhausted state remedies, and his habeas claim on the same issues may be heard by a federal court. Alternatively, if the highest state court did not have the opportunity to hear the claim because the petitioner was barred by an "independent and adequate" state procedural rule, his claims are procedurally barred, and may not be heard by a federal court.[26] Habeas courts consider constitutional and federal law claims. If an independent state procedural rule stops a claim, federal courts do not consider the federal claims.

In Ohio, appellants have forty-five days from the entry of an adverse court of appeals judgment to file a notice of appeal to the Ohio Supreme Court.[27] If an appellant misses the forty-five day window, he may seek leave to file a delayed appeal. The Sixth Circuit has held that if the Ohio Supreme Court denies a motion for delayed appeal, it is an "independent and adequate" state procedural ground that bars later federal review of the merits.[28]

A petitioner may overcome a procedural bar — such as the denial of a delayed appeal — if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[29]

---

[25] *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).
[26] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
[27] S. Ct. Prac. R. 7.01(A)(1)(a)(i).
[28] *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).
[29] *Coleman*, 501 U.S. at 750.

-5-

Case No. 15-cv-703
Gwin, J.

*b. Analysis of the Merits*

The AEDPA also provides the standard of review on the merits of a petitioner for a writ of habeas corpus. Under § 2254, a petitioner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.[30] A petitioner is entitled to relief if his state decision was "contrary to" or involved an "unreasonable application" of clearly established federal law.[31]

Generally a petitioner is not entitled to relief for errors of state law.[32] "[T]he circumstances that would induce a federal court to overturn the state court determination would need to be extraordinary."[33]

**IV. Discussion**

The Court addresses each of Petitioner's grounds for relief in turn.

A. Objections to First Ground for Relief

In his first ground for relief, Petitioner Lollis wrote that, "[t]he convictions on all charges obtained without sufficient competent and credible evidence to prove each element of each charge violates Petitioner's right to due process of law."[34]

The Report and Recommendation concluded that Lollis' first ground for relief was procedurally barred because Lollis never timely appealed the Ninth District Court of Appeals' decision, and his motion for delayed appeal was summarily denied.[35]

---

[30] 28 U.S.C. § 2254(d).
[31] *Id.*
[32] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[33] *Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990).
[34] Doc. 1 at 4.
[35] Doc. 10 at 13-14.

-6-

Case No. 15-cv-703
Gwin, J.

Moreover, the Report and Recommendation found that there was no just cause for excusing the procedural bar. Lollis complains, as he did to the Ohio Supreme Court, that his appeal was untimely because he was not informed of the appellate decision. The Report and Recommendation concluded that Lollis' ineffective assistance of appellate counsel claims were themselves procedurally barred, and thus could not provide cause for excusing the default.[36]

Lollis raises two objections to these findings.

First, Lollis argues that the barring his federal claim based on his appellate counsel's failure to provide notice of the decision denies him due process of law. Lollis points out that "'notice' along with an opportunity to be heard, are the two most fundamental ingredients of due process of law."[37] As a result, Lollis claims that the lack of notice should excuse his untimely appeal to the Ohio Supreme court.

Lollis' argument loses. Lollis is correct that the Due Process Clause entitles him to notice and an opportunity to be heard. However, the Due Process Clause does not require actual notice. Instead, notice must be "reasonably calculated" under the circumstances to reach him.[38] When a party is represented by counsel, notice to the attorney is "reasonably calculated" to reach the client.[39]

---

[36] *Id.*
[37] Doc. 13 at 2.
[38] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).
[39] *Lampe v. Kash*, 735 F.3d 942, 943 (6th Cir. 2013) ("A debt is the creditor's property, and the Due Process Clause entitles her to service of notice 'reasonably calculated' to reach her before she is deprived of that property. . . if the owner is represented by counsel in that dispute, notice to the attorney generally will suffice.") (internal citations omitted); *cf. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (concluding that notice to a represented parties' attorney constituted notice on the parties for the purposes of calculating the EEOC's time to appeal). In *Lampe*, the Sixth Circuit recognized limitations on the idea that notice on counsel constitutes notice on the party. *Lampe*, 735 F.3d at 943. In that case, the client had not been represented by the attorney in eight years. *Id.* The Sixth Circuit determined that notice was not reasonably calculated under those circumstances. Lollis has presented no such extraordinary circumstances in this case.

-7-

Case No. 15-cv-703
Gwin, J.

When Lollis' attorney received notice of the appellate decision, it was reasonably calculated to get to Lollis. If Lollis did not receive the appellate decision on time, it is not a violation of the Due Process Clause, but rather a claim for ineffective assistance of counsel.

The Report and Recommendation thoroughly analyzed Lollis' arguments in the framework of an ineffective assistance of counsel claim. The Report and Recommendation correctly determined that Lollis' ineffective assistance of appellate counsel claims were themselves procedurally barred, and thus could not provide cause for excusing the default.

Lollis' second objection relates to this conclusion. Lollis argues that his ineffective assistance of appellate counsel claim cannot be procedurally barred because "there is, in fact, no state court procedure by which to raise a claim of ineffective assistance of appellate counsel for failing to notify a prisoner-appellant that their direct appeal has been decided, other than through a delayed appeal request in the Ohio Supreme Court, as was effected in this case."[40] Lollis argues that his ineffective assistance of counsel claim was thus "presumably denied on its merits" and not procedurally barred.[41]

Sixth Circuit precedent directly contradicts Lollis' position.  If the Ohio Supreme Court denies a motion for delayed appeal, it is an "independent and adequate" state procedural ground that bars later federal review of the merits.[42]

Lollis' first two objections to the Report and Recommendation lose.[43]

---

[40] Doc. 13 at 2.
[41] *Id.*
[42] *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).
[43] Later in his objections, Petitioner raises the argument that the evidence used to convict him "is not sufficient evidence upon which to base an aggravated murder conviction where, as here, no substantive evidence links Petitioner to the actual crime." Doc. 13 at 3. This objection also goes to his first ground for relief. It loses. As the Report and Recommendation correctly points out, a court may sustain a conviction based on nothing more than circumstantial evidence. *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006). Moreover, as pointed out by both the Ohio Ninth District Court of Appeals and the Magistrate Judge, there was ample evidence in the record to support a conviction. Doc. 10 at 18.

-8-

Case No. 15-cv-703
Gwin, J.

B.  Objections to Second Ground for Relief

In his second ground for relief, Petitioner Lollis wrote that, "erroneous jury instructions on uncharged crimes served to alter the burden of proof, violating petitioner's right to due process of law and a fair trial by an impartial jury."[44]

The Report and Recommendation concluded that Lollis' second ground for relief is procedurally barred.[45] Lollis did not object to the complained-of jury instructions at trial. Ohio's contemporaneous objection rule requires that a party preserve an error for appeal by calling it to the attention of the trial court. Lollis' state-law arguments were thus procedurally barred.

Moreover, Lollis did not even argue that the jury instructions were improper under federal law in his appeal to the Ninth District Court of Appeals. And Lollis did not exhaust state remedies by timely appealing to the Ohio Supreme Court. The Report and Recommendation concluded that Lollis' federal claims are thus procedurally barred. The Report and Recommendation also analyzed the merits of Lollis' jury instruction claim, and concluded that it would lose regardless.

Lollis' objects to the Report and Recommendation's conclusions.

Lollis objects on the merits of his jury instruction claim. He writes that "while Petitioner was charged with being an accomplice, he was not convicted on being an accomplice, but rather under specific jury instructions on conspiracy."[46] He goes on to say that "the instruction of a

---

[44] Doc. 1 at 6.
[45] Doc. 10 at 20-24.
[46] Doc. 13 at 3.

-9-

Case No. 15-cv-703
Gwin, J.

jury to find a defendant guilty on crimes other than that with which he was charged and tried" is an "extraordinary" state court failure warranting federal relief.[47]

This objection does not overcome the claim's procedural bar. This Court cannot review the claims on the merits because Petitioner failed to exhaust state remedies on his state law claim, and he never even raised a federal or constitutional claim in the state courts. Moreover, the objection misstates the record. A jury properly convicted Lollis of the three crimes he was charged with: aggravated murder, murder, and aggravated robbery.[48] A jury did not convict Lollis of conspiracy, as Lollis claims. As a result, Lollis has made no showing of an "extraordinary" error.

This Court agrees with the Report and Recommendation that Lollis' jury instruction claims are procedurally barred and would fail on the merits, regardless.

Lollis' remaining objections to the Report and Recommendation lose.

### VI. Conclusion

For the foregoing reasons, this Court **DENIES** Petitioner Lollis's objections, and **ADOPTS** Magistrate Judge McHargh's Report and Recommendation in full. The Court **DISMISSES** Petitioner Lollis's § 2254 habeas petition. This Court certifies that no appeal could be taken from this order in good faith.

IT IS SO ORDERED.

Dated: July 6, 2016                          *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[47] Doc. 13 at 4.
[48] Doc. 5-1, Ex. 8. Complicity is a way of being guilty of these crime. It is not its own charge.